UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
Buffalo Division

**LISA BENDER,**

               **PLAINTIFF,**      Civil Action No.

V.

**UNITED STATES POSTAL SERVICE,**
**LOUIS DEJOY, POSTMASTER GENERAL**    Jury Trial Demanded

               **DEFENDANT.**

## COMPLAINT

Plaintiff, Lisa Bender, alleges as follows:

### THE PARTIES

1. The Plaintiff, List Bender, is a natural person, is female, and has a place of residence at 9622 Alexander Street, Attica, New York 10005-9733.

2. The Plaintiff suffers from a disability cognizable under federal law, Post Traumatic Stress Disorder (PTSD) which affects her ability to work.

3. The Defendant, United State Postal Service is an independent agency of the executive branch of the United States federal government responsible for providing postal service in the United States. The principal offices are located at 475 L'Enfant Plaza, SW Room 4012 Washington, DC 20260-2200, and with a business facility located at 76 Main Street, Attica, New York 14011.

### JURISDICTION AND VENUE

4. The Court has jurisdiction over this action pursuant to 42 U.S.C. §§ 2000e-5 and 28 U.S.C. §§ 1331 and 1343.

5. Venue is properly laid within the Western District of New York pursuant to 28 U.S.C. § 1391(b) in that the Plaintiff lives in the Western District of New York, Defendant is located in the Western District of New York, and a substantial part of the acts or omissions giving rise to the claim occurred in the Western District of New York.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Plaintiff, Lisa Bender, has exhausted all administrative remedies prerequisite to bringing this claim as follows:

7. On November 24, 2020 the Plaintiff filed an charge of discrimination with the United States Postal Service Equal Employment Opportunity Office alleging unlawful discriminatory practice relating to employment on the basis of disability in violation of the Rehabilitation Act 29 U.S.C. § 791.  Plaintiff also charges unlawful discrimination and harassment based on sex in violation of 42. U.S.C. 2000e et. seq.  The complaint was assigned Agency Case No. 4C-140-0039-20,

8. On May 14, 2021 the United States Postal Service Equal Employment Opportunity Office issued a Final Agency Decision denying the Plaintiff's claims and dismissing the matter.  The Plaintiff has ninety days in which to bring a claim in federal district court. The dismissal date yields a last day to file date of August 12, 2021.

## TIMELINESS

9. When filing with a federal agency the Plaintiff has one hundred and eighty (180) days to bring a claim when using a state agency 42 U.S.C. 2000e.

10. The Plaintiff made internal complaints via Postal Service EEO complaint form on August 18, 2021.  Subsequently the Plaintiff filed a complaint form with the USPS EEO on November 13, 2020.  The most recent discriminatory act occurred on August 4, 2020.

## FACTUAL BACKGROUND

11. Plaintiff began working for the Defendant in 1996.  At the time of her complaint she was Rural Mail Carrier.

12. In August 2020 the conditions at work were so hostile they were exacerbating her disabilities and to preserve herself she took leave.

13. In February 2019 there was no supervisor in the Plaintiff's facility. Jeff, a clerk, and the Plaintiff were standing by her cart trying to have a conversation about a couple from her mail route who went away for the winter.  Jesse Sarvis came up and turned up the radio very loud which they were standing close to. Jeff warned Jesse to keep the radio volume down and turned the volume down himself. Mr. Sarvis then explained to Jesse that he already warned him prior to that day by ·saying, "I thought I told you not to turn the radio up loud when the retail window was open."  Mr. Sarvis then began talking to himself, swearing, using the F word even though there were customers at the retail window.

14. This improper behavior was reported to Teresa Truglio, the postmaster at the time.  She spoke to Mr. Sarvis and reported to Plaintiff what she had she said.  The next day while Plaintiff was putting small packages in order when Mr. Sarvis looked directly at her and said "Boomboom."  Plaintiff took this as a threat from Mr. Sarvis and every time she was around Mr. Sarvis after that incident she felt very uneasy.

15. On April 23, 2019 the Plaintiff went out to load her Jeep.  When she was standing by the dock Mr. Sarvis came out to load his postal Jeep. He got into the postal jeep and

3

accelerated very quickly up to the dock and the Plaintiff was not sure if he was going to stop or be able to stop without hitting her. He did the same thing the following day on April 24th. On April 25, 2019, the Plaintiff made sure to let Mr. Sarvis go out to the dock first to see what he would do if the Plaintiff was not out there.

16. On a date not specified in May 2019, a co-worker was in a meeting with Plaintiff and called her derogatory names.

17. On May 25, 2019, a coworker stared at Plaintiff from across the street.

18. On May 29, 2019, a co-worker glared at Plaintiff

19. On July 31, 2019, a co-worker called Plaintiff derogatory names.

20. On August 24, 2019, a co-worker made a loud noise behind Plaintiff.

21. On or around August 24, 2019, the postmaster and a postal inspector said Plaintiff could not get an order of protection against her co-worker.

22. On October 11, 2019, the police told Plaintiff that she could not get an order of protection, and Plaintiff believe it was because the postal inspector talked to them.

23. On July 7, 2020, a co-worker drove recklessly around Plaintiff's vehicle.

24. On August 4, 2020, management lied to Plaintiff.

## FIRST CAUSE OF ACTION:
### Failure to Provide a Reasonable Accommodation
### In Violation of the Americans with Disabilities Act

25. The Plaintiff realleges and reasserts the allegations contained in paragraphs above as though fully set forth herein

26. To make a prima facie showing of disability discrimination via a failure to accommodate, the Plaintiff must show that (1) she is a person with a disability under the ADA, (2) that the employer had notice of the disability, (3) with a reasonable accommodation, the

4

plaintiff could perform the essential functions of her job, and (4) that the employer refused to make such an accommodation. *Rodal v. Anesthesia Group of Onondaga, P.C.,* 369 F.3d 113, 118 (2d Cir. 2004).

27. Plaintiff is a qualified individual with a disability within the meaning of the ADA.

28. The Plaintiff had notified the Defendant of her disability, and requested reasonable accommodation of that disability.

29. Defendant did not engage in any good faith discussion with the Plaintiff as to an accommodation request, nor did Defendant respond in a timely fashion to Plaintiff's request for accommodation.

30. Defendant refused to accommodate Plaintiff's disability and discriminated against the Plaintiff on the basis of her disability.

31. As a result of Defendants' actions, Plaintiff experienced discrimination, loss of income, fear, anxiety, severe humiliation, shame, embarrassment, emotional pain and suffering, and loss of enjoyment of life.

**SECOND CAUSE OF ACTION**:
**Disparate treatment based on gender in violation of 42 U.S.C. § 2000e <u>et. seq</u>.**

32. The Plaintiff realleges and reasserts the allegations contained in paragraphs above as though fully set forth herein.

33. To establish a prima facie case of discrimination, a plaintiff must show four things: (1) she is a member of the protected class; (2) she is qualified for her position; (3) she has suffered an adverse employment action; and (4) the circumstances surrounding that action give rise to an inference of discrimination. 42 U.S.C. 2000e-2; *Abdu-Brisson v. Delta Air Lines, Inc.,* 239 F.3d 456, 466-7 (2d Cir 2001).

34. As to the first element, Plaintiff is a member of a protected class: female.

5

35. As to the second element, that she is qualified for her position. Plaintiff has worked for the Defendant since 1984

36. As to the third and fourth elements, that she suffered an adverse employment action under circumstances that give rise to an inference of discrimination 1) the Defendant failed to respond to Plaintiff's complaints of harassment on the part of Jesse Sarvis. This went on over a period of years.

37. As a result of Defendants' actions, Plaintiff experienced loss of income, fear, anxiety, severe humiliation, shame, embarrassment, emotional pain and suffering, and loss of enjoyment of life.

### THIRD CAUSE OF ACTION:
### Retaliation in violation of 42 U.S.C. § 2000e *et. seq*.

38. The Plaintiff realleges and reasserts the allegations contained in paragraphs above as though fully set forth herein.

39. Plaintiff repeatedly complained to her immediate supervisors and to the Defendant EEO office about the harassment and the disparate treatment she suffered. She specifically complained about the discriminatory behavior against females.

40. This complaint was investigated but Defendant dismissed her claims.

41. These actions would tend to dissuade an individual of reasonable firmness from making or supporting a claim of violation of civil rights.

42. As a result of Defendants' actions, the Plaintiff has experienced personal injury, loss of income, fear, anxiety, severe humiliation, shame, embarrassment, emotional pain and suffering, and loss of enjoyment of life.

**WHEREFORE**, Plaintiff respectfully requests from this Court the following relief:

      A.      A judgment that the Defendant violated the Plaintiff's rights under the Rehabilitation Act and Awarding the Plaintiff compensation for her pain and suffering;

      B.      A judgment that the Defendant violated the Plaintiff's rights under Title VII, 42 U.S.C. 2000e et. seq,

      C.      Award the Plaintiff damages for her pain, suffering, loss of enjoyment of life, humiliation and other injuries in the amount of $300,000.00;

      D.      Defendant to pay all medical costs incurred by Plaintiff as a result of the stress and anxiety resulting from the discrimination she suffered and the failure to accommodate her disabilities, including any and all diagnostic analysis, treatment and therapy, and follow up therapy.

      E.      Defendant to pay Plaintiff the costs and disbursements of this action, together with reasonable attorneys' fees;

      F.      Plaintiff to have such other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues properly trial by jury in this action.

Dated: August 12, 2021

Respectfully Submitted,
Plaintiff
By Her Attorneys

_/s/ Lindy Korn_
LINDY KORN, ESQ.
Attorney for Plaintiff
Law Office of Lindy Korn, PLLC
Electric Tower, Ninth Floor

535 Washington Street
Buffalo, New York 14203
716-856-5676
716-507-8475 (facsimile)
E-Mail: lkorn@lkorn-law.com

8